IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:06-CR-161 |
| | § | |
| JAMAAL AKEEM BENJAMIN | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed November 1, 2010, alleging that the Defendant, Jamaal Akeem Benjamin, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on May 16, 2007, before the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, after pleading guilty to 2 counts: 1) felon in possession of a firearm, a Class C felony; and 2) possession with intent to distribute less than 5 grams of cocaine base, also a Class C felony. The first count carries a statutory maximum imprisonment term of 10 years and the second count 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of IV, was 57 to 71 months. The Defendant was sentenced to 57 months' imprisonment on each count, to be served concurrently, followed by 3 years of supervised release on each county, to be served concurrently, subject to the

standard conditions of release, plus special conditions to include: financial disclosure, drug aftercare; mental health aftercare; and a $200 special assessment. On March 17, 2009, the Defendant's judgment was amended, reducing his imprisonment term from 57 months to 46 months, but his term of supervised release remained the same.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on April 23, 2010, and began his term of supervised release. On August 18, 2010, the Court modified the Defendant's conditions of supervision to include: the Defendant shall reside in a residential reentry center or similar facility for a period not to exceed 120 days to commence upon release from confinement and shall observe the rules of that facility.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on November 1, 2010 alleging five violations: 1) on October 28, 2010, the Defendant was indicted in the 252nd District Court of Jefferson County, Texas for the offense of sexual assault of a child occurring on July 17, 2010, case no 10-10384, thereby violating his mandatory condition to not commit another federal, state, or local crime; 2) the Defendant submitted positive urine specimens for marijuana on June 22nd, June 25th, July 10th and July 16th, which is in violation of his mandatory condition that he refrain from any unlawful use of a controlled substance; 3) following his unsuccessful discharge from Bannum Place, the Defendant spoke with Probation and agreed to report to them on October 29, 2010 but failed to do so, nor did he call, which is in violation of his standard condition that he report to his probation officer as directed; 4) the Defendant failed to report to submit a urine specimen on July 19, 2010 and July 31, 2010, violating his special condition that he

participate in a program of testing and treatment for drug abuse; and 5) on October 21, 2010, the Defendant was unsuccessfully discharged from Bannum Place for not attending his substance abuse treatment session, in violation of the special condition that he reside in a residential reentry center for a period not to exceed 120 days to commence upon release from confinement and shall observe the rules of that facility.

### IV.  Proceedings

On September 17, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition.  The Defendant agreed to plead "true" to the fourth allegation, which asserted that he violated a special condition of supervised release, to wit: "The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the Defendant is released from the program by the probation officer."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of eighteen (18) months' imprisonment with no term of supervised release to be imposed after release.

### V.  Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant

violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). According to 18 U.S.C. § 3583(g)(3), if a defendant refuses to comply with drug testing imposed as a condition of supervised release, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to successfully complete a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment is at least one month but not more than six months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. The Defendant began service at the Bannum Place on August 20, 2010, but was unsuccessfully discharged on October 21, 2010. Therefore, the Defendant has 58 days of unserved time.

According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to successfully complete a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is IV. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant repeatedly did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by failing to successfully complete a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office.

As such, incarceration and an upward departure appropriately address the Defendant's violation. Most importantly, the Defendant agreed to the upward variance and the sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a sentence of eighteen (18) months' imprisonment, which includes the Defendant's unserved 58 days from Bannum Place.

## VII.  Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to successfully complete a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of eighteen (18) months with no supervised release to follow.  Such sentence includes the Defendant's 58 days of unserved time from Bannum Place.

4. The court should recommend that the Defendant be incarcerated in the Beaumont Federal Correctional Institution of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 18th day of September, 2012.

_____
Zack Hawthorn
United States Magistrate Judge